Jesse Wagner
5150 O'Byrnes Ferry Road
Jamestown, CA 95327
CDCR# F54554



FILED

JUL - 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 08E-filing 3208

| | | |
|---|---|---|
| JESSE WAGNER, | ) | CASE No.: |
| | ) | |
| Petitioner, | ) | PETITION FOR WRIT OF HABEAS |
| | ) | CORPUS PURSUANT TO 28 USC § 2254 |
| vs. | ) | |
| | ) | State Supreme Case No.: S156779 |
| MATTHEW CATES, Secretary of | ) | State Appeal Case No.: A119069 |
| the California Department of | ) | State Superior Case No.: HC1375 |
| Corrections and Rehabilitation, | ) | |
| IVAN CLAY, Warden at the Sierra | ) | |
| Conservation Center, and Does 1-10, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

PETITION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE PRESIDING MAGISTRATE JUDGE OF THE UNITED STATES DISTRICT

COURT, NORTHERN DISTRICT OF CALIFORNIA, AND THE HONORABLE JUDGES OF THE

DISTRICT COURT:

Petitioner Jesse Wagner, proceeding without the assistance of counsel,

hereby petitions this Honorable Court to issue a writ of Habeas Corpus

and order the specific performance of the plea agreement in the matter

of People v. Wagner, Napa County, Case number CR20193. By this verified

petition, petitioner alleges as follows:

i

I

Petitioner is unlawfully restrained and deprived of his liberty
at the Sierra Conservation Center by Ivan Clay, Warden, and Matthew
Cates, Secretary to the California Department of Corrections and
Rehabilitation.

II

In San Bernardino County criminal case number FVA020520, petitioner
was convicted by jury trial of two counts of ex-felon on jail grounds
(PC § 4571) inter alia, and the Court imposed a one year sentence
enhancement for the prior prison term pursuant to PC § 667.5(b).
The conviction and enhancement were based upon a conviction occurring
in Napa County case number CR20193.

III

In that Napa County (Napa) case number CR20193, petitioner was
convicted of unlawful sexual intercourse, a Felony (PC § 261.5[1]).
The Napa court sentenced petitioner after a probation violation to
the upper term of three years state prison. The court imposed that
sentence in October of 1998.

IV

The plea of guilt, as depicted on the plea agreement (Ex. 1)
was to a violation of Penal Code section "261.5." (Ex. 1 Pg. 1, question
4, Pg. 2 question 9.) The statute is named "unlawful sexual intercourse."
(Ex. 1 pg. 1. question 5, pg. 2 question 9.)

---

N,1: The validity of the conviction is the dispute in this petition.

ii

V

In exchange for the change of plea to no contest, the prosecution promised that if petitioner "plead no contest to 261.5 p.c. - receive no immediate state prison - dismiss all other counts - harvey waiver on misdemeanor - no 17B at sentencing." (Ex 1 pg. 2 question 9. See EN. 1.) The court accepted and approved this plea. (Ex. 1 pg. 2 (Order).)

However, according to the minute order (See ex. 3) the prosecutor amended the information to allege Court 4, a violation of section 261.5 (c) of the Penal Code, a felony. This is not the crime, severity, nor statute petitioner agreed to plead no contest to.

VI

On the advice of counsel, petitioner waived formal arraignment of the amended information. As a result, neither the Court, nor counsel advised petitioner that the prosecutor amended the information to charge a crime other than the crime for which petitioner agreed to plead no contest to.

VII

The people violated petitioner's right to due process by breaching the plea agreement. (Santobello v. New York (1971) 404 US 257 (Santobello).)

VIII

The finding of guilt in the San Bernardino Case as to Count 7 and Count 8, the violation of Penal Code section 4571 is predicated upon the Napa conviction and sentence. (See Ex. 5, pg. 1, 3.)

IX

The true finding in the San Bernardino Case as to the prison prior enhancement pursuant to Penal Code section 667.5(b) is predicated upon the Napa conviction and sentence.

iii

X

The conviction in the San Bernardino case occurred on May 12, 2005. Sentence was imposed on November 3, 2006 (See Ex. 5). A notice of appeal was timely filed. The appeal is presently pending in the California Appellate Court, Fourth District, Division Two in Case number E401851.

XI

The petition is a challenge to the imposition of the sentence in the San Bernardino court as it was predicated upon the Napa Case. Because the San Bernardino conviction is not yet final on appeal, the tolling period has not yet begun to run pursuant to the AEDPA. (28 U.S.C.A. §2254.)

XII

A habeas petition was filed in the Napa Superior Court and assigned case number HC1375. The Napa Court has proper jurisdiction because the Napa conviction and sentence was the subject of the challenge. The Napa Court accepted the writ for filing on July 3, 2007, and the writ was denied on August 3, 2007. The San Bernardino Case had not yet become final, and as such, petitioner was entitled to statutory tolling.

However, in the order denying petition for writ of habeas corpus, the court, without any hearing, summarily denied the petition, citing In re Clark (1993) 5 Cal.4th 750, 765, fn. 5; that "petitioner has failed to explain the 13 year delay in raising this claim." (Denial attached at Ex. 6.)

iv

XIII

The Superior Court denial is inconsistent with clearly established federal law as announced by the United States Supreme Court, (28 USCA 2254 (d)(1).) A habeas corpus petition challenging the petitioners current or future confinement may also challenge the constitutionality of any prior completed sentence and conviction used to enhance the petitioners current or future confinement. (Brock v. Westin (9th Cir. 1994) 31 F.3d 887, 888; Custis v. US (1994) 511 US 485, 114 S.Ct. 1731; Parke v. Raley (1992) 506 US 20, 113 S.Ct. 517; Jones v. Cunningham (1963) 371 US 236, 240, 83 S.Ct. 373; and Feldman v. Perrill (9th Cir.1990) 902 F.2d 1445.)

XIV

The California Appellate Court also summarily denied the writ petition. (See Denial attached at Exhibit 8.) In the one line denial that court wrote "The petition for writ of Habeas Corpus is denied." The appellate Court filed the denial on September 20, 2007.

XV

On Ocbober 1, 2007, petitioner filed a petition for review of the appellate court denial with the California Supreme Court. That Court assigned case number S156779 to the petition. The California Supreme Court issued a one line summary denial that reads as follows: "The petition for writ of Habeas Corpus is denied. (See in re Robbins (1998) 18 Cal.4th 770, 780.) (See denial attached hereto at Ex. 9.) The Supreme Court issued the denial on March 19, 2008.

On March 25, 2008, the Court received the order back as undeliverable. Although all pleadings filed on the petition listed a street address, the Court sent the denial to a post office box. (Ex. 9 pg. 2.)

v

On June 10, 2008, petitioner sent a letter to the Court requesting a status check on the writ. The Court forwarded the denial, docket listing, and letter requesting status check to petition on June 12, 2008. (See Ex. 9.)

XVI

WHEREFORE, PETITIONER PRAYS THAT:

A writ of Habeas Corpus issue by this Court ordering that the Napa Court be directed to vacate the conviction and sentence in case CR20193, and enter a conviction and sentence and conviction in accordance with the plea agrrment; and secondly, that the San Bernardino Court in case FVA020520 adjust the conviction and sentence in that case accordingly.

XVII

I Jesse Wagner, declare under the penalty under the laws of the State of California, that the information contained herein is based on my own personal information or belief and based thereon is true and correct. Signed on this 22nd day of June, 2008 at Jamestown, California,

Jesse Wagner

---

EN. 1: PC § 17(b) "When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: (4) When the prosecuting attorney files in court having jurisdiction over misdemeanor offenses a complaint specifying that the offense is a misdemeanor, unless the defendant

(End Note continued)

at the time of his or her arraignment or plea objects to the offense being made a misdemeanor, in which event the complaint shall be amended to charge the felony and the case shall proceed on the felony complaint.

DECLARATION

I Jesse Wagner, hereby declare as follows:

1.  I am the petitioner in the petition for writ of habeas corpus
    filed herewith. If called to testify, I would testify competently
    to the matters set forth herein.

2.  On July 20, 1994, I signed a piece of paper entitled "waiver
    on plea or Guilty of Nolo Contendre." Trial counsel Larry Braun
    explained to me this form was a plea offer from the District Attorney.

3.  Based upon the representations of trial counsel as well as the
    wording of the plea offer, I believed that I was agreeing to
    enter a no contest plea to Count 4 charging a violation of Penal
    Code section 261.5, defined as unlawful intercourse, it was
    specifically a misdemeanor. Count 4 was previously charged as
    a misdemeanor violation of the statute prohibiting oral sex.
    This plea was simply to change the oral sex to sexual intercourse.

4.  I did not know these representation were untrue until after
    judgment and sentence had been imposed.

5.  Long before and at the time of the purported prearraignment
    with the district attorney, I wished to have a full trial on
    the merits before a jury. The trial counsel continuously told
    me that if I plead no contest, this conviction would not prohibit
    me from pursuing a career  as a police officer because it was
    a misdemeanor.

6.  I believed and relied upon the seemingly corroborating acts
    and omissions of the district attorney, counsel, and court,
    and, but for this, would have not waived my right to a trial
    by jury and would not have entered a plea of guilty on the charge.

7.  The plea of no-contest, as appearing on the written plea agreement
    was to a violation of section 261.5 of the Penal Code, unlawful
    sexual intercourse, a misdemeanor.

8.  The court minutes indicate that the guilty plea was to a violation
    of subdivision(c) of section 261.5 of the penal code, unlawful
    sexual intercourse with a minor more than three years younger
    than the perpetrator, a felony.

9.  I was granted probation and I violated probation. The court
    sentenced me to prison. In 2003 I was discharged from parole.

10. In San Bernardino Superior Court I went to trial in charges involving PC § 4571; ex-felon on jail grounds. The Napa case made me an ex-felon. But for the Napa case, I would not have been convicted of the § 4571 crime.

11. In San Bernardino Superior Court, as a result of the § 4571 inter alia, the trial court imposed a one year prior prison term sentence enhancement pursuant to subdivision (b) of section 667.5 of the penal code. That enhancement was predicated upon the Napa case I would not have received the one-year sentence enhancement if I had not been convicted in the Napa case.

12. I am filing this this petition to challenge the present conviction and sentence as it was enhanced by an invalid and unconstitutional prior conviction and sentence.

I declare under the penalty of perjury that the aforementioned information is true and correct to the best of my knowledge and that this declaration was signed on this 20th day of June in the year 2008 at Jamestown, California.

Jesse Wagner

2

Jesse Wagner
CDCR# F-54554
5150 O'Byrnes Ferry Road
Jamestown, CA 95327

In pro se

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WAGNER,<br><br>     Petitioner,<br><br>vs.<br><br>MATTHEW CATES, Secretary<br>of the California Department<br>of Corrections and Rehabilitation,<br>IVAN CLAY, warden at the Sierra<br>conservation Center, and DOES 1-10,<br><br>     Respondent. | CASE NO:<br><br>POINTS AND AUTHORITIES TO<br>PETITION FOR WRIT OF HABEAS<br>CORPUS PURSUANT TO 28 USC<br>§2254.<br><br>State Supreme Case: S156779<br>State Appeal Case:<br>State Trial Case: HC1375<br>Criminal Case: CR20193 |

MEMORANDUM OF POINTS AND AUTHORITIES

INTRODUCTION

This is a petition  for the Issuance of a Writ of Habeas Corpus
from a state court conviction. The issues relate to whether a prosecutor
breached a plea agreement. The clearly established Federal Law as
determined by the United States Supreme Court as well as the decisional
law as determined by the Circuit Courts require that Santobello v.
New York (1971) 404 US  257 (Santobello) be controlling on the issues
presented herein.

In Santobello, the prosecutor induced a plea of guilt in exchange for an agreement that the prosecutor would make no sentencing recommendation. But, the prosecutor did, causing the plea agreement to be breached.

In the present case, the prosecutor induced a plea of guilt in exchange for an agreement to a specific crime both identified by codification and description along with its severity enunciated in the written plea agreement. But, the prosecutor instead, amended the complaint to charge a crime other than, and greater than the crime which he plead for.

As a result of this amended complaint, petitioners right to due process as secured by the United States Constition were infringed upon.

Although the Napa conviction and sentence are complete, this petition challenges the sentence and enhancement imposed as a result of the Napa conviction as it was applied to the petitioners present incarceration. The petitioner is presently incarcerated in the Sierra Conservation Center as a result of a conviction in the San Bernardino Superior Court case number FVA020520. An appeal is presently pending before the California Court of Appeal Fourth District of California, Division two. Consequently, this petition is a challenge to the current confinement as predicated upon the prior (Napa) expired conviction.

PROCEDURAL HISTORY

The Napa plea agreement occurred on July 20, 1994. At the time and place for the Superior Court Arraignment, prior to the Arraignment, the People offered the petitioner a plea settlement. As demonstrated by the plea (attached hereto as Exh. 1), the petitioner would enter a no-contest plea to count 4 of the information, codified at "261.5"

2

which was described as "unlawful sexual intercourse," in exchange

for the following:

> "Plead no contest to 261.5 – receive no immediate state prison
> – dismiss all other counts – Harvey waiver on misdemeanor –
> no 17B at sentencing."

The Court approved the plea agreement (Ex. 1 page 2). Petitioner

was never arraigned on the dismissed counts. (Counts 1 through 3.)

Yet, Count 4 is not written on the information filed with the Court

and there is no amended information in this case.

Based on the advice of counsel, petitioner waived formal arraignment

(Ex.3 at 1). Petitioner entered a no contest plea to the amended

information.

STATEMENT OF FACTS

PLEA AGREEMENT

The written plea agreement, as authored by the prosecutor, enunciates

the understandings of the involved parties. Unambigously. The Court

approved this agreement and it should be seen for that it is, within

its four corners, unfoosten with speculations that the prosecutor

did not feel was important enough to document. The plea agreement

specifically demonstrates two key elements – the codified statute

and the crime description viz. (1) 261.5 (Ex. 1 page 1, line 3; page

1, line 4; page 2, line 9) and described as unlawful sexual intercourse

(Ex. 1 page 1 line 5, lage 2 line 9).

THE BREACH

The Court record demonstrates two separate breach occurances.

However, the minute order seems to be the nearest proximity to the

plea agreement. The "JUS-8715" disposition form (attached as Ex. 7),

is distal to the plea agreement but does have historical value to

this case.

3

i. THE CLERKS MINUTES

As per the change of plea minutes, (Ex. 3), it appears that the Court allowed the prosecutor to amend the information, after the plea agreement was signed and accepted by the Court.

ii. JUS 8715 DISPOSITION OF ARREST AND COURT ACTION

The arrest and court action form, attached at Ex. 7 demonstrates a chronological synopsis of the court action. Accordingly, of up most value, the charges filed in the lower court were:

```
"Count 1:   Felony        261(a)(2)/1192.7(c)(3) PC
Count 2:    Felony        288(a)/1192.7(c)(b) PC
Count 3:    Felony        289 PC
Count 4:    Misdemeanor   288(a)(b) 1 PC"
```

However, the Superior Court action section demonstrates that the following pleas were entered on July 10, 1994:

```
"Count 1:   Felony        No Contest, 261(a)(2)
Count 2:    Felony        Dismissed, 289(a)
Count 3:    Misdemeanor   Dismissed, 288(a)(b)(1)/17(b)(4)"
```

The sentencing section mirrors the Superior Court section that a plea of no contest to Count 1 was as follows:

```
"Count 1,   Felony,       60 months probation"
```

C. PROBATION AND VIOLATION

The Court placed petitioner on probation, and thereafter a contested revocation hearing occurred on October 20, 1998. The Court found true that petitioner had violated the terms and conditions of probation and sentenced petitioner to state prison for the upper term of three years.

Thereafter, petitioner was placed on parole and discharged from parole on February 20, 2003.

4

D. CURRENT CONFINEMENT

Petitioner was tried and convicted in the Superior Court of California, County of San Bernardino, in case number FVA 020520 charging six felonies and one prior prison enhancement. That prior prison term enhancement was predicated upon that Napa prior. The Counts in the San Bernardino Case were as follows:

| | | |
|---|---|---|
| Count 1: | PC 146a(b) | Impersonation of a public officer |
| Count 2: | PC 236 | Unlawful Detention |
| Count 3: | PC 211 | Robbery (2nd Degree) |
| **Count 7:** | **PC 4571** | **Ex-Felon on Jail Grounds** |
| **Count 8:** | **PC 4571** | **Ex-Felon on Jail Grounds** |
| Count 9: | PC 12021 | Possession of a Dangerous Weapon |
| **Enhance:** | **PC 667.5(b)** | **Prior Prison Term Enhancement** |

Based upon the above convictions in Count 7 and 8, as well as the enhancement pursuant to § 667.5(b); the Napa conviction was a necessary predicate and element of the finding of guilt in addition to the imposition of the sentence enhancement.

Thus, the petitioner challenges the validity of the current, San Bernardino sentence as it was predicated upon the unconstitutional Napa case pursuant to Garlotte v. Fordice (1995) 515 U.S. 39; Maleng v. Cook (1989) 490 U.S. 488; and Brock v. Westin (9th. cir.1994) 31 F.3d 887.

The Napa conviction is invalid and unconstitutional because the plea agreement was breached (Santobello) and the error requires the specific enforcement of the plea agreement be ordered. (U.S. v. Franco-Lopez, 312 F.3d 984 (C.A. 9 (Cal.) 2002).)

5

STATEMENT OF JURISDICTION

This petition for the issuance of a Writ of Habeas Corpus challenging the validity of the conviction is permitted pursuant to 28 USCA §2254(d)(1) because the decision of the lower courts are a result of a decision that is contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; and/or (2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding.

The first question of jurisdiction relating to the lower court decision is the Highest State Court, in this case California Supreme Court, denial of the petition. The second question is the misapplication of clearly extablished federal law as it relates to a breach of a plea agreement. The challenge to the validity of the prior conviction is controlled by Santobello v. New York, supra; while the ability to challenge the validity of a completed sentence is controlled by Garlotte v. Fordice (1995) 515 U.S. 39 and Maleng v. Cook (1980) 490 U.S. 488.

STATEMENT OF CUSTODY

Petitioner is presently serving a sentence in the California Department of Corrections and Rehabilitation at the Sierra Conservation Center in Jamestown, California. That sentence was imposed by the Superior Court of California in the County of San Bernardino. (San Bernardino.) The San Bernardino case was enhanced and convictions occurred that were tethered to the Napa case. Petitioner is in custody of the Napa case by virtue of the San Bernardino case. This petition challenges the validity of the Napa case as it was used to convict and enhance the case in San Bernardino.

6

ARGUMENT

I

THE PETITIONER HAS STANDING TO CHALLENGE AN INVALID PRIOR
COMPLETED CONVICTION WHEN THAT PRIOR ENHANCES THE SENTENCE OF
THE CURRENT CONVICTION AND SENTENCE

Summary

In this case, Petitioner Jesse Wagner, was convicted by way
of plea agreement in the Superior Court of Napa County. Following
the plea, petitioner was placed on probation, until termination by
means of a probation violation in 1998. Petitioner was sentenced
to prison and was thereafter placed on parole. In February of 2003
petitioner was discharged from custody of that Napa County conviction.

However, in August of 2003 petitioner was arrested and charged
by way of an amended information with two counts of impersonating
a police officer in violation of Penal Code section 146a subd. (b)
(counts one and four), two counts of kidnapping to commit robbery
in violation of Penal Code section 209, subd. (b)(1) (counts two
and five), two counts of robbery in violation of Penal Code section
211 (counts three and six), two counts of ex-convict in a custodial
facility in violation of Penal Code section 4571 (counts seven and
eight), and one count of possession of a deadly weapon in violation
of Penal Code section 12020, subd. (a)(1) (count nine). It was further
alleged that petitioner had suffered a prior conviction and served
a prison term within the meaning of Penal Code section 667.5, subd.
(b).

For purposes of this writ, petitioner's conviction as to count's
seven and eight as well as the enhancement were dependent upon the
Napa case.

7

However, the Napa case was invalid for many reasons. First, the plea of guilt was not made intelligently. Secondly, the prosecution breached the plea agreement. Thirdly, the plea of guilt was for a statute that is not a crime. Lastly, the San Bernardino court's reliance upon that invalid conviction and sentence open's the gateway to challenge the Napa conviction and sentence as it was used to enhance the San Bernardino sentence.

## LEGAL ANALYSIS

A habeas petitioner has legal standing to challenge the validity of a confinement only when the petitioner is in the custody of that conviction or sentence. "Custody" however, is not limited to actual physical confinement. Custody has been found for habeas purposes in many other situations in which the individual is subject to restraints on liberty not shared by the public generally. (Jones v. Cunningham (1963) 371 US 236, 240; 83 S.Ct. 373.)

In Custis v. United States (1994) 511 US 485, 493, 114 S.Ct. 1732, the High Court held that a Federal Habeas petitioner had no constitutional right to collaterally attack a completed sentence used to enhance the current sentence when both sentences were not imposed by the same sovereign. (See also Maleng v. Cook (1989) 490 US 488, 490, 109 S.Ct. 1923; Brock v. Westin (9th Cir.1994) 31 F.3d 887, 889.)

In Brock, a state in a civil proceeding found petitioner to be a "sexually violent predator" based solely upon his prior conviction occurring in that same state. Brock filed a habeas petition to "challenge his current confinement as predicated upon his prior expired conviction."

8

(Id. at 887.) In the opinion of the Ninth Circuit Court Justice Reinhard, "the district court ruled Brock was not 'in custody' for purposes of challenging his 1974 conviction because Brock had already finished serving the sentence imposed pursuant to that conviction. We disagree. Following Feldman v. Perrill 902 F.2d 1445 (9th Cir.1990) we construe Brock's petition as a challenge to his current (1994) confinement as predicated upon his prior (1971) conviction."

In doing so, the Brock court analyzed the US Supreme Court's holding in Maleng, supra, that "once the sentence imposed for a conviction had completely expired, the collateral consequences of that conviction are not, themselves sufficient to render an individual 'in custody' for purposes of Habeas attack on it." Thus, in Brocks case, which occurred in 1974 and expired in 1984, he is no longer in custody under the prior for purposes of habeas petition.

Nonetheless, the Brock Court opined, rather than dismissing the pro se petition, the Feldman court requires that where an expired conviction was allegedly relied upon to enhance a pending sentence, the Court is **"obliged"** to construe the petition as an attack on the pending sentence. (902 F.2d at p. 1449.) In doing so, the Brock court followed the high court's requirement in Maleng. (490 US at p. 494.)

To succeed, petitioner must demonstrate the required showing of a "positive and demonstrative nexus" between the prior conviction and current custody.

A.  THE SAN BERNARDINO CONVICTIONS, SENTENCE, AND ENHANCEMENT ARE PREDICATED UPON THE NAPA CONVICTION AND SENTENCE.

i. The jury convicted Petitioner of crimes that require the prior conviction as a matter of element.

The current confinement is predicated upon the conviction

9

both count 7 and 8 and charged with two separate and distinct incidents of violations of Penal Code section 4571. To be found guilty of section 4571, the People must prove that 1. the person entered jail grounds without permission and 2. the person had suffered a prior conviction amounting to a felony and was sent to a California State Prison on that felony.

In the present case, the jury found that petitioner did not have consent to enter the jail. The jury also found that petitioner had previously been convicted of a felony conviction and sentenced to prison as a result of a conviction in Napa in case number CR20193.

The Napa case is the subject of this writ petition which the San Bernardino conviction is dependent upon. As such, there is a positive and demonstrative nexus between the Napa conviction and the current confinement.

ii. The Court imposed a sentence enhancement based upon the Napa case.

The People alleged that petitioner suffered a prison prior term based upon a felony conviction and sentence occurring in the Superior Court of California in Napa County, in case number CR20193, and having been so convicted in the San Bernardino case within five years from discharge from parole from the Napa case, a one year prison prior enhancement should be applied pursuant to PC § 667.5(b). The Court agreed and imposed a one year sentence enhancement.

As such, the Napa case was used to impose an additional enhancement and as a result, there is a positive and demonstrative nexus between the Napa conviction and the current confinement.

10

B.  THE LOWER COURT'S DENIAL OF THE WRIT WAS CONTRARY TO, OR INVOLVED
    AN UNREASONABLE APPLICATION OF, CLEARLY ESTABLISHED FEDERAL
    LAW AS DETERMINED BY THE UNITED STATES SUPREME COURT.

The California Supreme Court denied the petition without any

opinion nor any hearing on the matter. There is a one line that reads

"The petition for writ of habeas corpus is denied. (See In re Robbins

(1998) 18 Cal.4th 770, 780.)"  In Robbins the Court opinioned that

to avoid the bar of timeliness with respect to (a) claim, the petitioner

has the burden of establishing (i) absence of substantial delay,

(ii) good cause for the delay, or (iii) that the claim falls within

an exception to the bar of timeliness."

Assuming that the lower court meant to refer to this line of

reasoning to deny the petition, petitioner will address accordingly

why that basis is clearly contrary to clearly established precedents

of the United States Supreme Court.

The United States Supreme Court in Garlotte has made clear,

a petition may challenge the constitutionally of a prior conviction

when a sentence has been completed and was used to enhance the current

sentence. The Ninth Circuit Court of Appeals has held that a state

prisoner may in such a proceeding challenge the constitutionality

of a prior conviction whose sentence has been completed but which

enhances or is a predicate to the petitioner's current confinement

or restraint. (Brock v. Westin (9th Cir.1994) 31 F.3d 887.)

Relying on the principles of Garlotte, the United States Supreme

Court in Rumsfeld v. Padilla 542 US 426, 124 S.Ct. 2711 (2004) noted that

landmark cases addressing the meaning of "in custody" under habeas

statute include Garlotte, supra, and Jones v. Cunningham 371 US 236,

83 S.Ct. 373 (1963).

11

The Rumsfeld v. Padilla court noted that the Supreme Court's expanding defination of "custody" under the habeas statue is becomming less strict. That is because the Supreme Court no longer requires "physical detention as a prerequisite to the habeas relief," the immediate "custodian rule, too must no longer bind" the Court.

The Supreme Courts understanding of custody has broadened to "include restraints short of physical custody."

Consequently, the law of the land is clear, a petition for relief by way of writ of habeas corpus to challenge the legality of his current confinement as it is enhanced by an invalid prior conviction is clearly established.

II

THE INTERESTS OF JUSTICE AND PROPER RECOGNITION OF THE PROSECUTORS DUTIES IN RELATION TO PROMISES MADE WITH THE PLEA BARGAIN REQUIRE THAT THE JUDGMENT BE VACATED
SANTOBELLO v. NEW YORK (1971) 404 US 257

A.   PETITIONER WAS DENIED THE BENEFIT OF HIS PLEA BARGAIN SINCE THE PEOPLE AMENDED THE COMPLAINT TO CHARGE A GREATER CRIME OTHER THAN THE CRIME TO WHICH THE PETITIONER AGREED TO PLEAD NO CONTEST TO

BACKGROUND

In the case of People v. Wagner number CR20193, in the Superior Court of California, Napa County, prosecutors induced the plea of guilty by agreeing to dismiss the most serious counts and amending the information to charge a misdemeanor violation of unlawful intercourse as a result of the complaining witnesses recantation of her statement to police and becoming a defense witness. The prosecutor prepared the plea agreement, obtained petitioners waivers and signature, then the Court accepted and approved the written plea agreement. What appeared to be a simple resolution turned complex when the prosecutor violated the plea agreement by amending the information

12

to charge a crime greater than the crime specified in the plea agreement.

Courts have long held that breaches in plea agreements are the functional equivalent to breaches of contacts; and must therefore be remedied by the Court directing the prosecutor to comply with the terms and conditions of the plea agreement.

By baiting a guilty plea for one crime, then switching the amended information to charge a greater crime, the prosecutor breached the plea agreement. The Court must vacate the conviction and order the written plea agreement to be enforced.

Applicable Law

The United States Constitutions' Fourteenth Amendment together with the California Constitutions Article I, section 15, guarantee that every criminal defendant has the right to due process in plea agreements.  Santobello v. New York (1971) 404 US 257.

To demonstrate a violation of due process predicated upon the breach of a plea agreement, the petitioner must show by a perponderance of the evidence that petitioner entered into a negotiated plea of guilt, to an allegation, in exchange for a promise that went unfulfilled by the state. Santabello Id. Once a petitioner has made such a showing by a perponderance of the evidence, he need not demonstrate prejudicial error. The appropriate remedy for a plea breach when it will implement the reasonable expectations of the parties without binding the trial court to a disposition it considered unsuitable under all the circumstances is specific enforcement of the plea agreement directing the prosecutor to fulfill his end of the bargain. Santobello, supra.

In Santobello, after negotiations with the prosecutor, Santobello withdrew his previous not-guilty plea to two felonies and plead

13

guilty to a lesser-included-offense, the prosecutor having agreed
to make no recommendation as to sentence. At petitioner's appearance
for sentencing many months later, a new prosecutor recommended the
maximum sentence. The judge stated he was uninfluenced by that recommendation
yet still imposed the maximum sentence. Santobello attempted to withdrawal
his guilty plea, without success. His conviction was affirmed on
appeal. The United States Supreme Court granted Certiorari and held:
The interests of justice and proper recognition of the prosecutors
duties in relation to promises made in connection with "plea bargaining"
require that the judgment be vacated and that the case be remanded
to the state courts for further consideration as to whether the
circumstances require only that there be specific performance of
the agreement on the plea, or should be afforded the relief sought,
of withdrawal of the guilty plea. (Santabello, supra,.)

                         Legal Analysis

    Before the Court is the plea agreement. (Ex. 1 ). There can
be no question what the agreement was and what petitioner reasonably
understood it to mean. Particularly in light of the statutory references
made over three times: "261.5PC" the defination "unlawful sexual
intercourse" and "harvey waiver on misdemeanor-no 17B at sentencing."
It was perfectly clear to petitioner. Pleading guilty to Count 4
would mean that he would be accepting a misdemeanor conviction for
a violation of section 261.5 of the penal Code. The issue is whether
the prosecutor has breached that agreement.

    The Court allowed the prosecutor to amend the information to
allege subdivision (c) of section 261.5. This section is a crime
that has additional elements to the section 261.5. This section also

carries with it, a more severe punishment. Not to mention an additional element.

Section 261.5 is a misdemeanor, where subdivision (c) of that statute is a wobbler and carries a punishment of three years in state prison.

Here, the prosecutor promised the plea of no contest would be to Count 4, a violation of 261.5, the statute prohibiting unlawful intercourse, with a Harvey waiver on the misdemeanor, with no 17B at sentencing. Instead, the prosecutor amended the information and added subdivision (c) to the section 261.5 and changed the severity from a misdemeanor to a felony.

It is a difference with enormous distinction. Severity of the crime escalated from a misdemeanor to a felony; added an element relating to the age gap; as well as changing the section without a subdivision to a section with a subdivision.

These discrepancies and the resultant breach can lead to only one conclusion, the prosecutor breached the plea bargain.

INTERPRETATION OF THE BREACH

In determining the factual basis for the conviction, a reviewing Court is bound to interpret the written plea agreement or transcript of the plea colloquy between the defendant and the Court. (Shepard v. United States (2005) 544 US 13. (The Government must provide the Court with the terms of a plea agreement or a transcript of a colloquy between the Judge and defendant in which the factual basis for the plea was confirmed by the defendant or some comparable judicial record of this information.   The minute order is insufficient. (United States v. Snellenberger 2007 DJDAR 4424 [The minute order does not contain

facts and no indication that it has been shown to the defendant.
It only has a tiny space which lists the statute which a conviction occurred.]) The complaint is defunct because no written complaint of the amended information exists. (Ruiz-Vidal v. Gonzalez (9th Cir. 2007) [The information is insufficient to prove the facts petitioner was convicted under.]) The abstract of judgment may not be used to identify the conviction. (United States v. Navidad – Marcos (9th Cir. 2004) 367 F.3d 903 [The Court held that abstracts of judgment may not independently establish a prior conviction.])

The written plea agreement (attached at Ex. 1) is the only self authenticating judicial record that satisfies the Shepard standard. The Supreme Court of the United States in Taylor v. United States (1990) 495 US 575 (Taylor) addressed how to evaluate convictions. Taylor held that the reviewing courts must "generally access...convictions looking only at 'statutory definition's of the offense....'" Here, the plea agreement is the only document that satisfies the Shepard standard of what documents prove the nature of the plea agreement. This plea agreement specifically identifies the offense as "unlawful intercourse" (Ex. 1) twice. This plea agreement identifies the statutory section as 261.5 over three times. (Ex 1 at pg. 1 line 3; line 4; page 2 line 9). This statute and the corresponding description are (261.5):

> "Unlawful intercourse is an act of sexual intercourse accomplished with a person not the spouse of the perpetrator, if the person is a minor. For this section, a "minor" is a person who is under the age of 18 years and an "adult" is a person who is at least 18 years of age."

The plea agreement, here, is clearly for this crime shown by
the identified statute and is supported by the description. Moreover,
this statute is a misdemeanor, (§ 261.5). Without any subsection,
this section declares the act of unlawful intercourse to be a public
offense but fails to state a punishment.

Penal Code section 19.4 assigns a punishment to statutes that
do not have a punishment component attached. § 19.4 states in relevant
part: "when an act...is declared by a statute to be a public offense
and no penalty for the offense is prescribed by any statute, the
act...is punishable as a **misdemeanor."**

The amended information adds subdivision (c) to section 261.5,
a felony. The elements of subdivision (c) require the elements as
follows:

> "(c) any person who engages in an act of unlawful sexual
> intercourse with a minor who is more than three years younger
> than the perpetrator is guilty of either a misdemeanor or
> a felony, and shall be punished by imprisonment in a county
> jail not exceeding one year, or by imprisonment in a state
> prison."

Clearly, this is not the crime, (neither the statute, description,
nor element) nor the severity of the negotiated statute addressed
in the plea agreement.

Each and every subdivision requires an additional fact, which
in return increases punishment. That fact, therefore, is an element
of a single greater crime. (Apprendi v. New Jersey (2000) 530 US
466, Sattazahan v. Pennslyvania (2003) 537 US 101.)

In the present case, the breach occurred when the prosecutor,
having induced the petitioner, an 18-year-old teenager, to plead
no contest to a misdemeanor violation of section 261.5 of the penal
code. Then thereafter, when the court approved the plea agreement,

17

the prosecutor amended the information to include subdivision (c) of section 261.5 of the Penal Code. This addition is a felony. Not the statute announced in the plea. Not the crime announced in the plea. In doing so, the State amended the information to charge a greater crime, which is different than the crime which petitioner agreed to plead guilty to.

   Moreover, the State deprived the petitioner of his due process rights. The United States Supreme Court has recognized that the due process safeguards apply not only to the procedure of accepting the plea (Boykin v. Alabama (1969) 395 US 238), but that the requirements of due process attach also to the implementation of the bargain itself. It necessarily follows that violations of the bargain by the State raises a constitutional right to some remedy. (Santobello, supra, 404 US 257, 266-267, (conc. opn. of Douglas., J).)

THE BREACH IS REVERSIBLE ERROR PER SE

   The only remaining question is whether the breach was prejudicial. However, the California Courts have long held that the harmless error test is inapplicable. The concept of harmless error, while, in the context of a broken plea agreement there is at stake, the honor of the government, public confidence in the fair administration of justice, and the efficient administration of justice. For these reasons, the Supreme Court of the United States has held the harmless error test in inapplicable to a situation involving failure to fulfill the terms of a plea bargain, since the defendant's entitlement of the benefit of his bargain cannot be predicted on the assumption that a violation of the bargain must result in some measurable determent.

18

THE PROPER RELIEF IS SPECIFIC ENFORCEMENT

Specific performance of a plea agreement is a broad term covering several types of relief. The remedy differs depending upon the nature of the breach and which party is seeking enforcement. When the breach is a refusal by the prosecutor to comply with the agreement, specific enforcement would consist of an order directing the prosecutor to fulfill the bargain.

In California, a negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles, and according to the same rules as other contracts. (Buckley v. Terhune (C.A. 9 (Cal.) 2006 441 F.3d 688 (Buckley).)

In Buckley, the Ninth Circuit Court of Appeals, in an opinion authored by Reinhardt, Circuit Judge said that the "law regarding plea agreements entered into a state court is well established. They must be construed in accordance with state law. In California, plea agreements are construed in the same manner as all other contracts."

In Buckley, the defendant plead guilty to the crime of second degree murder. In turn, he was sentenced to 15 years to life in state prison. As part and parcel to his plea bargain, he was eligible for parole in 15 years. Yet, he might have remained in prison for life instead of prison for which he bargained. The Circuit Court opined they are required to ensure that Buckley's rights are not so violated, and that the plea bargain he entered into with the state is honored.

The District Court of California, Central District, ruled that the state court's finding that Buckley "well knew" that his sentence for second degree murder was fifteen years to life was both contrary to clearly established federal law in violation of 28 U.S.C. §2254(d)(1) and an unreasonable determination of the facts in violation of §

19

2254(d)(2). In accordance with the district court's order, Buckley

has been released. The Court of appeal's affirmed judgment of the

district court because, under 2254(d)(1), the state court's failure

to interpret Buckley's plea agreement according to California contract

law resulted in a decision that was contrary to clearly established

Supreme Court law as set forth in Santobello v. New York 404 U.S.

257, 92 S.Ct. 495 (1971) and Ricketts v. Adamson 483 U.S. 1, 107

S.Ct. 2680 (1987).

In reaching their decision, the Court recognized that a criminal

defendant has a due process right to enforce the terms of his plea

agreement. (Buckley, supra, at 694, citing Santobello at 261-262,

and Brown v. Poole 37 F.3d 1115, 1159 (9th Cir.2003) ("[The defendant's]

due process rights conferred by the federal constitution allow [him]

to enforce the terms of the plea agreement.").

The Buckley court opined that the analysis regarding the breach

of Buckley's plea agreement and the remedy wo which he is entitled

is not new to this court. "We previously applied similar principles

and rules of construction in Brown. ¶ In that case, on the basis

of Santobello and Adamson, we held that the state court, in failing

to properly apply California contract law when interpreting a plea

agreement, had engaged in an objectively unreasonable application

of clearly established federal law under § 2254(d)(1). Brown, 337

F.3d at 1160, n. 2." In Buckley, like the case here, the California

Superior Court not only failed to apply state contract law properly

but failed to apply it at all. The Buckley court ruled that its decision,

therefore, is unquestionably contrary to clearly established federal

law.

20

CONCLUSION

For the reasons mentioned herein, it is requested that this Court issue a Writ of Habeas Corpus and order the Superior Court of Napa County to vacate the conviction and sentence in the case of People v. Wagner case CR20193 and enter judgment and sentence in accordance with the plea agreement, specifically, a misdemeanor violation of section 261.5 of the Penal Code.

Date: June 22, 2008

Jesse Wagner

21

## TABLE OF EXHIBITS

Plea Agreement...............................................................1

Information and Complaint.............................................2

Court Minutes of July 20, 1994.......................................3

Court Minutes of September 20, 1994.................................4

San Bernardino County Sentencing Minutes.........................5

Denial of Superior Court Petition HC1375.............................6

JUS 8175 Disposition of Arrest Form..................................7

Denial of Appeal Court's Petition A119069............................8

Denial of State Supreme Court Petition S156779.....................9

EXHIBIT 1

FILED

on JUL 2 9 1994

JANICE F. NORTON
COURT EXECUTIVE OFFICER

_C. Coolen_

Deputy Court Executive

IN THE SUPERIOR AND MUNICIPAL COURTS OF THE STATE
OF CALIFORNIA IN AND FOR THE COUNTY OF NAPA

THE PEOPLE OF THE STATE OF CALIFORNIA,
                                    Plaintiff,

                    vs.

_Jesse A. Wagner_
                                    Defendant

No. CR _20193_

WAIVER ON PLEA OF GUILTY
OR NOLO CONTENDRE

## DEFENDANT DECLARES:
## Initial in space provided:

_JW_  1. My true name is _Jesse A. Wagner_ _____ born _5/8/25_

_JW_  2. I am represented by attorney _La Ca Brau_ _____.

_JW_  3. I understand that I am charged with the following offense(s) _261, Spc_

_JW_  4. I desire to change my plea(s) and plead guilty or no contest to: _____
          _261, Spc_

_JW_  5. I understand that the maximum punishments I could receive for each crime are:

| COUNT NUMBER: | NAME OF CRIME: | MAX. PUNISHMENT: |
| --- | --- | --- |
| _Four_ | _Unlawful sexual Intercourse_ | _3 years State Pris_ |

_no contest_

_JW_  6. I understand that other consequences of my guilty plea include:

(a)  That if I am sent to prison, I will be placed on parole following my
release and that if I violate a condition of parole, I can be returned to
prison;

(b)  That if I am not sent to prison, but am placed on probation, that if I
violate probation, I could be sent to prison at a later date;

(c)  That for each felony to which I plead guilty, the court will impose a
restitution fine from $100.00 to $10,000.00;

(d)  That if I am not a citizen of the United States, the plea may have the
consequences of deportation, exclusion from admission to the United States,
or denial of naturalization;

(e)  Other (e.g registration, P.C. 1203.03, P.C. 1026, etc.): _____

_JW_  7. I understand that as to the charge(s) against me, I have the following rights:

_JW_  (a) The right to a speedy, public trial by jury;

_JW_  (b) The right to see, hear and question all witnesses against me;

_JW_  (c) The right to utilize the subpena power of the court to compel the attendance of
witnesses and evidence on my behalf at no cost to me;

_JW_  (d) The right at trial to present evidence on my behalf;

_JW_  (e) The right to remain silent or, if I wish, to testify on my own behalf;

_JW_  (f) The privilege not to incriminate myself;

1

8. As to any charge to which I intend to plead guilty or no contest:
    (a) I waive and give up each of the above rights;
    (b) I understand that I will continue to have the right to the aid of an attorney at all further proceedings before the court and that if I cannot afford an attorney, the court will appoint an attorney to represent me.

9. Except as stated in this section, no one has promised or suggested to me that I will receive any lesser sentence, probation, reward or immunity in order to induce me to plead guilty. The only representations that have been made are: *Plead no contest to 261.5 p.c. — receive no immediate State prison — dismiss all other counts — Harvey Waiver on misdemeanor — no 17B at sentencing*

10. No one has used any force, violence, duress or undue influence of any kind on me or anyone close to me to induce me to plead guilty. *NO contest*

11. I am pleading guilty because I am in fact guilty and for no other reason. *No contest for these reasons*

12. I understand that while the Court may approve the agreement provided for in Section 9, it is not bound by the agreement. I understand that the Court may withdraw its approval at any time before pronouncement of judgment, in which case I shall be able to withdraw my plea, should I desire to do so.

13. I have had sufficient time to fully discuss this case with my attorney. We have fully discussed the charge(s), the facts, the possible defenses, the rights I give up by pleading guilty and the consequences of pleading guilty. *No contest*

14. I declare under penalty of perjury that the above is true and correct.

DATED: 7/19/94 _____    _Jesse O. Wagner_____
                                              DEFENDANT

DEFENDANT'S ATTORNEY STATES:

I am the attorney of record and I have explained each of the above rights to the defendant. Having explored the facts with the defendant, studied the possible defenses and the consequences of a plea of guilty, I am satisfied that the defendant is voluntarily and intelligently waiving his/her rights. I concur in the waivers of rights and consent to the plea(s). I have witnessed the reading of this form by the defendant, have explained its contents to the defendant, and have witnessed the defendant's initialings and signature upon it.

DATED: 7/20/94 _____    SIGNED: _Lawrence Bea_____
                                              ATTORNEY FOR DEFENDANT

ORDER

Having personally inquired of the defendant, I find that the defendant fully understands his/her legal and constitutional rights; that he/she has knowingly, intelligently, expressly and voluntarily waived them; that he/she understands the nature of the charge(s) and the possible consequences of a plea of guilty and that there is a factual basis for a plea of guilty.

IT IS THEREFORE ORDERED that the defendant's plea(s) of guilty or Nolo Contendre be accepted and entered in the minutes of the Court.

DATED: 7/20/94 _____    _____

I hereby certify the document herein to be a true and correct copy of the original on file with this court.

Dated: 5-30-07

Clerk of the Napa Superior Court

BY: _____

JUDGE OF THE SUPERIOR/MUNICIPAL COURT

2

ANTHONY R. PEREZ
DISTRICT ATTORNEY
931 Parkway Mall
Napa, CA 94559
(707) 253-4211

**FILED**

JUL 1 4 1994

JANICE F. NORTON
COURT EXECUTIVE OFFICER
BY:_____

RECEIVED
BY

JUL 1 4 1994

NAPA MUNICIPAL
COURT

SUPERIOR COURT OF CALIFORNIA
COUNTY OF NAPA

THE PEOPLE OF THE STATE OF CALIFORNIA,

                              Plaintiff,

        - vs -

JESSE A WAGNER

                    Defendant(s).

CR20193
CASE NO.  9401202-01

INFORMATION

### COUNT ONE

On or about JUNE 19, 1994, in the County of Napa, State of
California, the crime of FORCIBLE RAPE in violation of Penal Code
Section 261(a)(2) a FELONY, was committed by JESSE A WAGNER who did
willfully and unlawfully have and accomplish an act of sexual
intercourse with a person, to wit, LISA C., not his/her spouse,
against said person's will, by means of force, violence, duress,
menace and fear of immediate and unlawful bodily injury on said
person and another.  It is further alleged that the above offense is
a serious felony within the meaning of Penal Code Section
1192.7(c)(3).

"NOTICE:  Conviction of this offense will require the court to order
you to submit to a blood test for evidence of antibodies to the
probable causative agent of Acquired Immune Deficiency Syndrome
(AIDS).  Penal Code Section 1202.1."

"NOTICE:  Conviction of this offense will require you to register
pursuant to Penal Code Section 290.  Willful failure to register is
a crime."

### COUNT TWO

On or about JUNE 19, 1994, in the County of Napa, State of
California, the crime of ANAL & GENITAL PENETRATION BY FOREIGN
OBJECT, FORCE & VIOLENCE, in violation of Penal Code Section 289(a),
a FELONY, was committed by JESSE A WAGNER who did willfully and
unlawfully cause the penetration of the genital and anal openings of

-2-

another and cause another person to penetrate the defendant's and another person's genital and anal openings for the purpose of sexual arousal, gratification, and abuse by a foreign object, substance, instrument and device accomplished by force, violence, duress, menace and fear of immediate and unlawful bodily injury on the victim and another.

"NOTICE:  The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)(25)."

"NOTICE:  Conviction of this offense will require you to register pursuant to Penal Code section 290.  Willful failure to register is a crime."

                              COUNT THREE

On or about JUNE 19, 1994, in the County of Napa, State of California, the crime of ORAL COPULATION OF A PERSON UNDER 18 in violation of Penal Code Section 288a(b)(1)/17(b)(4), a MISDEMEANOR, was committed by JESSE A WAGNER who did willfully and unlawfully participate in an act of oral copulation with LISA C., a person under the age of eighteen years.

"NOTICE:  Conviction of this offense will require the court to order you to submit to a blood test for evidence of antibodies to the probable causative agent of Acquired Immune Deficiency Syndrome (AIDS).  Penal Code Section 1202.1."

"NOTICE:  Conviction of this offense will require you to register pursuant to Penal Code Section 290.  Willful failure to register is a crime."

NOTICE:  PLEASE TAKE NOTICE THAT COUNSEL FOR THE PEOPLE HEREBY MAKES AN INFORMAL DEMAND FOR DISCOVERY (PURSUANT TO PENAL CODE SECTION 1054.3) WITHIN FIFTEEN DAYS.

Dated: JULY 13, 1994.

ANTHONY R. PEREZ
DISTRICT ATTORNEY

By:
Lee B. Philipson
Deputy District Attorney
/JR

I hereby certify the document herein
to be a true and correct copy of the
original on file with this court.

Dated: 5-30-07

Clerk of the Napa Superior Court

BY:

```
************************************************************
```

SUMMARY OF CHARGES AND PUNISHMENT

("SPCL ALLEG" = Special Allegation)
("MSP" = Mandatory State Prison)
("PSP" = Presumptive State Prison)
(" * " = Special Allegation cannot be stricken - See Appendix)

| CT DEFENDANT NO & CHARGE | CHARGE RANGE | SPCL ALLEG AND PRIORS | ALLEGATION EFFECT |
|---|---|---|---|
| | | | |

M I N U T E S

Napa Courts

Civil, Criminal, Appeals

| People<br><br>     VS.<br><br>WAGNER, JESSE A.        (S) | CR20193 |
|---|---|

Date: 07/20/94          Time:  8:20 am          Room: E
Judge: Hon. Philip A.Champlin
Event Type: Plea/Setting


REPORTER: D. Morin          CLERK: V. Kollin
BAILIFF: D. Smith          PID No. 9401202-01
.
APPEARANCES:
 L. Philipson, Deputy District Attorney
 L. Braun, Attorney for Defendant who is present
 E. Estin, Probation Officer
 .
Court advises the Defendant of the following:

 His legal and constitutional rights, and he freely
  and voluntarily waives same;
 Maximum possible confinement time of three (3) years
  in state prison, with a period of parole supervision
  following;
 Possible length of probation, if so granted;
 Plea of no contest has same legal effect as a plea of
  guilty;
 Possible restitution fine from $200.00 to $10,000.00;
 Requirement to submit to AIDS testing per 1202.1 PC;
 Possible additional fines that may be imposed.
 .
Counsel for Defendant joins in the waiver of rights,
consents to the admission, and states the plea shall
be entered pursuant to People v. West.
 .
Court grants the People's Motion to Amend the
Information to allege Count Four, a violation of
Section 261.5(c) of the Penal Code, a felony.
 .
Defendant waives formal arraignment.
 .
Defendant enters a plea of NO CONTEST as to Count
Four of the Amended Information, a violation of
Section 261.5(c) of the Penal Code, a felony.
 .
Court accepts the Defendant's plea, finds it was
freely and voluntarily entered, that he made an

GE:    1                                    07/20/94  15:30:52

IIII  0 0 1004

M I N U T E S

Napa Courts

Civil, Criminal, Appeals

intelligent waiver of his trial rights, and that the
plea was entered pursuant to People v. West.

Court orders the People's Motion to Dismiss Counts One
through Three of the Information, with a Harvey waiver
as to Count Three, shall be taken under submission
until the time of sentencing.

Court orders matter shall be referred to Probation for
a pre-sentence report and recommendation.

Court orders matter shall be continued to Monday,
August 29, 1994, at 9:30 a.m. in Department E for
sentencing.

Court orders bail shall be reduced to $25,000.00 in
this matter, and Defendant is ordered to have no
contact in any form with the victim pending sentence.

Defendant is returned to custody with bail as lowered
this date, and if bail is posted, is instructed to
make an appointment with probation, keep said appoint-
ment, and return to Court for the next scheduled
hearing.

-oOo-

I hereby certify the document herein
to be a true and correct copy of the
original on file with this court.

Dated: 5-30-07

Clerk of the Napa Superior Court

BY: _____

M I N U T E S

Napa Courts

Civil, Criminal, Appeals

| People<br><br>        VS.<br><br>WAGNER, JESSE A.                (S) | CR20193 |
|---|---|

Date: 09/20/94          Time:  8:20 am          Room: E
Judge: Hon. Philip A.Champlin
Event Type: Probation Report/Sentencing

REPORTER:  M. Holme          CLERK:  T. Kimbrel
BAILIFF:   R. Max            PID No. 9401202-01
.
APPEARANCES:
.
Lee Philipson, Deputy District Attorney.
Ed Estin, Supervising Probation Officer.
Lawrence Braun, Deputy Napa Defender, representing
   the Defendant.
Defendant IS present.
.
The Court has received, read and considered the
Probation Officer's Report and Recommendation dated
August 30, 1994, together with the Supplemental
Report dated September 20, 1994, and the report of
Dr. Steen.
.
Ms. Vanbrocklin reads a statement to the Court on
behalf of the victim's mother.
.
The Defendant makes a statement to the Court on his
own behalf.
.
The Court hears arguments of counsel regarding the
sentencing issues in this matter.
.
Defendant waives formal arraignment for sentencing.
.
There being no legal cause shown and none appearing
to the Court why Judgment and Sentence should not be
pronounced at this time, it is the Judgment of the
Court the Defendant is GUILTY of a violation of
Section 261.5(c) of the Penal Code, a felony.
.
As and for punishment therefore, the Court orders
Imposition of Sentence shall be SUSPENDED and the
Defendant shall be placed on formal probation for a
period of five (5) years, on the following terms

| Count | Charge | Severity | Description | Violation Date | Plea |
|-------|--------|----------|-------------|----------------|------|
| 1 | PC 146A(B) | F | IMPERSONATE PUBLIC OFFICER/ETC :ARREST/ETC | 02/10/2005 | G |
| 2 | PC 209(B)(1) | F | KIDNAP TO COMMIT ROBBERY/RAPE | 02/10/2005 | LIO |
| 3 | PC 211 | F | ROBBERY | 02/10/2005 | G |
| 4 | PC 209(B)(1) | F | KIDNAP TO COMMIT ROBBERY/RAPE | 02/10/2005 | NG |
| 5 | PC 211 | F | ROBBERY | 02/10/2005 | NG |
| 6 | PC 146A(B) | F | IMPERSONATE PUBLIC OFFICER/ETC :ARREST/ETC | 02/10/2005 | NG |
| 7 | PC 211 | F | ROBBERY | 02/10/2005 | D |
| 8 | PC 146A(B) | F | IMPERSONATE PUBLIC OFFICER/ETC :ARREST/ETC | 02/10/2005 | D |
| 9 | PC 209(A) | F | KIDNAPPING FOR RANSOM | 02/10/2005 | D |
| 10 | PC 520 | F | EXTORTION | 02/10/2005 | D |
| 11 | PC 209(B)(1) | F | KIDNAP TO COMMIT ROBBERY/RAPE | 02/10/2005 | D |
| 12 | PC 211 | F | ROBBERY | 02/10/2005 | D |
| 13 | PC 4571 | F | FELON ON PRISON GROUNDS | 02/10/2005 | G |
| 14 | PC 4571 | F | FELON ON PRISON GROUNDS | 02/10/2005 | G |
| 15 | PC 4571 | F | FELON ON PRISON GROUNDS | 02/10/2005 | D |
| 16 | PC 12020(A)(1) | F | POSSESS/MANUF/SELL DANGEROUS WEAPON(S) | 02/10/2005 | D |
| 17 | PC M538D(C) | M | IMPERSONATE A PEACE OFFICER | 02/10/2005 | D |

**Infor Charges**

| Count | Charge | Severity | Description | Violation Date | Plea | |
|-------|--------|----------|-------------|----------------|------|---|
| 1 | PC 146A(B) | F | IMPERSONATE PUBLIC OFFICER/ETC :ARREST/ETC | 02/10/2005 | G | – FALSE EV |
| 2 | PC 236 | F | FALSE IMPRISONMENT | 02/10/2005 | G | " |
| 3 | PC 211 | F | ROBBERY | 02/10/2005 | G | " |
| 4 | PC 146A(B) | F | IMPERSONATE PUBLIC OFFICER/ETC :ARREST/ETC | 02/10/2005 | NG | |
| 5 | PC 209(B)(1) | F | KIDNAP TO COMMIT ROBBERY/RAPE | 02/10/2005 | NG | |
| 6 | PC 211 | F | ROBBERY | 02/10/2005 | NG | |
| 7 | PC 4571 | F | FELON ON PRISON GROUNDS | 02/10/2005 | G | – SUFFICIENCY FALSE EV |
| 8 | PC 4571 | F | FELON ON PRISON GROUNDS | 02/10/2005 | G | |
| 9 | PC 12020(A)(1) | F | POSSESS/MANUF/SELL DANGEROUS WEAPON(S) | 02/10/2005 | G | – SUFFICIEN |

**Origin Charges**

| Count | Charge | Severity | Description | Violation Date | Plea |
|-------|--------|----------|-------------|----------------|------|
| 2 | PC 209(B)(1) | F | KIDNAP TO COMMIT ROBBERY/RAPE | 02/10/2005 | |

**Other Charges**

| Count | Charge | Severity | Description | Violation Date | Plea |
|-------|--------|----------|-------------|----------------|------|
| 999 | PC 667.5(B) | F | PRIOR PRISON TERM: NON-VIOLENT FELONY | 02/10/2005 | |
| 999 | PC 667.5(B) | F | PRIOR PRISON TERM: NON-VIOLENT FELONY | 02/10/2005 | |

**Case FVA020520 Defendant 1668974 WAGNER, JESSE - Probation**

**Probation Has Not Been Granted On This Case For This Defendant.**

**Case FVA020520 Defendant 1668974 WAGNER, JESSE - Related Cases On Calendar**

| Related Cases On Calendar |
|---|
| *This Defendant Does Not Have Any Other Cases With Future Hearings Scheduled.* |

**Case FVA020520 Defendant 1668974 WAGNER, JESSE - Previously Disposed Cases**

| Case Number | Filed Date | Charges | Next Hearing | Jurisdiction |
|---|---|---|---|---|
| *This Defendant Does Not Have Any Other Reportable Cases.* | | | | |

**Case FVA020520 Defendant 1668974 WAGNER, JESSE - Actions and Minutes**

| Action Date | Action Text | Disposition | Hearing Type |
|---|---|---|---|
| 11/03/2006 11:20 AM | CASE CLOSED BY KKLIN | | |
| 1/2006 8:45 AM | (2) SUBPOENAS SENT TO R16 PER CLERKS REQUEST | | |
| 11/03/2006 8:30 AM DEPT. R16 | HEARING(AFTER CERT/HTA)RE: MOTN FOR NEW TRIAL/SENTENCING | DISPOSED | SENTENCING |

**Minutes**

MICHAEL R LIBUTTI
CLERK CRYSTAL BURTON
CLERK MARY KLINEDINST
REPORTER N HERALDEZ
BAILIFF MARY PLESCIA
-
APPEARANCES
DEPUTY DISTRICT ATTORNEY CAROLYN YOUNGBERG PRESENT.
ATTORNEY HEATHER A. MELONE PRESENT.
DEFENDANT PRESENT IN CUSTODY.
-
MOTIONS
MOTION FOR NEW TRIAL IS HEARD.
-
PEOPLE'S EXHIBIT(S) #1 1998 CROWN VICTORIA CERTIFIED DMV PAPERS. MARKED FOR IDENTIFICATION.
PEOPLE'S EXHIBIT(S) #2 CERTIFIED PACKET FROM DMV 9PGS DATED 10/23/06 MARKED FOR IDENTIFICATION.
PEOPLE'S EXHIBIT(S) #3 PACKET OF COPIED RECEIPTS 10PGS MARKED FOR IDENTIFICATION.
PEOPLE'S EXHIBIT(S) #4 CERTIFIED PACKET FROM DMV DATED 10/24/06 9PGS MARKED FOR IDENTIFICATION.

PEOPLE'S EXHIBIT(S) #5 2000 CROWN VICTORIA VEHICLE INFO. FROM DMV MARKED FOR IDENTIFICATION.

PEOPLE'S EXHIBIT(S) 1 2 3 4 AND 5 ENTERED INTO EVIDENCE.

DEFENSE EXHIBIT(S) #6 SUBPOENAED DOCUMENTS FROM DMV MARKED FOR IDENTIFICATION,
DEFENSE EXHIBIT(S) #7 SUBPOENAED DOCUMENTS USA FEDERAL CREDIT UNION MARKED FOR IDENTIFICATION

DEFENSE EXHIBIT(S) 6 7 ENTERED INTO EVIDENCE.

DEFENDANT'S MOTION FOR NEW TRIAL IS SUBMITTED.

DEFENDANT'S MOTION FOR NEW TRIAL IS DENIED.

THE COURT PROCEEDS WITH COURT TRIAL ON
BIFURCATED ISSUE AS TO PRIOR.

PEOPLE'S EXHIBIT(S) #8 CERTIFIED COPY FROM DEPT. OF CORRECTION 12/3/03 MARKED FOR IDENTIFICATION.
PEOPLE'S EXHIBIT(S) #9 CERTIFIED COPY FROM COUNTY OF NAPA MARKED FOR IDENTIFICATION.

PEOPLE'S EXHIBIT(S) 8 9 ENTERED INTO EVIDENCE.

ISSUES SUBMITTED.

COURT FINDS PRIOR(S) 1 TRUE.

COURT HAS READ AND CONSIDERED PROBATION OFFICER'S REPORT.

FINDINGS/ADVISALS:
PURSUANT TO SECT 13350 VC, THE COURT FINDS A MOTOR VEHICLE WAS USED IN THE COMMISSION OF THE OFFENSE SPECIFIED IN COUNT(S) 3
AS TO COUNT 3, PURSUANT TO SECTION 13357 OF THE VEHICLE CODE, THE COURT RECOMMENDS THE DEFENDANT'S DRIVING PRIVILEGE BE REVOKED.
PAY $467.00 FOR PRESENTENCE INVESTIGATION COSTS PURSUANT TO 1203.1(B) PC THROUGH CENTRAL COLLECTIONS.
COURT FINDS THAT THE DEFENDANT IS NOT LIABLE FOR PAYMENT OF BOOKING FEES.
COURT FINDS DEFENDANT IS ABLE TO REIMBURSE THE COUNTY FOR ATTORNEY FEES IN THE AMOUNT OF $500.00.

REST FINE OF $6000.00 PURSUANT TO 1202.4 PC
PAYABLE TO REST FUND TO BE COLLECTED BY DOC.
REST FINE OF $6000.00 PURSUANT TO 1202.45 PC
STAYED PENDING SUCCESSFUL COMPLETION OF PAROLE.

DEFENDANT WAIVES FORMAL ARRAIGNMENT FOR PRONOUNCEMENT OF JUDGMENT AND STATES THERE IS NO LEGAL CAUSE WHY JUDGMENT SHOULD NOT NOW BE PRONOUNCED.

PROBATION IS DENIED AND SENTENCE IS IMPOSED AS FOLLOWS:

PURSUANT TO PC296(A)(1) THE SHERIFF IS DIRECTED TO OBTAIN THE REQUIRED SAMPLES FROM THE DEFENDANT UNLESS THE SHERIFF VERIFIES THAT A PC 296 SAMPLE
COURT ORDERS BUCCAL COLLECTION OF DNA SAMPLE PURSUANT TO PC296

SENTENCING INFORMATION.
AS TO COUNT 3, THE COURT IMPOSES THE UPPER TERM OF 5 YEARS AND 0 MONTHS.
PRINCIPAL COUNT DEEMED COUNT # 3.

AS TO COUNT 1, THE COURT IMPOSES THE 1/3 MIDTERM, FOR A TOTAL OF 0 YEARS AND 8 MONTHS.
COUNT 1 TO RUN CONSECUTIVE TO COUNT 3.

AS TO COUNT 2, THE COURT IMPOSES THE 1/3 MIDTERM, FOR A TOTAL OF 0 YEARS AND 8 MONTHS.
COUNT 2 TO RUN CONSECUTIVE TO COUNT 1.

AS TO COUNT 7, THE COURT IMPOSES THE 1/3 MIDTERM, FOR A TOTAL OF 0 YEARS AND 8 MONTHS.
COUNT 7 TO RUN CONSECUTIVE TO COUNT 2.

AS TO COUNT 8, THE COURT IMPOSES THE 1/3 MIDTERM, FOR A TOTAL OF 0 YEARS AND 8 MONTHS.
COUNT 8 TO RUN CONSECUTIVE TO COUNT 7.

AS TO COUNT 9, THE COURT IMPOSES THE 1/3 MIDTERM, FOR A TOTAL OF 0 YEARS AND 8 MONTHS.
COUNT 9 TO RUN CONSECUTIVE TO COUNT 8.

AS TO PRIOR 1, THE COURT IMPOSES 1 YEARS AND 0 MONTHS.
PRIOR # 1 TO RUN CONSECUTIVE TO SENTENCE IMPOSED IN COUNT 9.

SENTENCED TO STATE PRISON FOR A TOTAL TERM OF 9 YEARS AND 4 MONTHS.
CREDIT FOR TIMED SERVED ( 1153 ACTUAL + 173 CONDUCT) FOR A TOTAL OF 1326 DAYS.
COURT FULLY ADVISES DEFENDANT OF PAROLE RIGHTS.
SENTENCE TO RUN CONCURRENT TO ANY OTHER SENTENCE.

DEFENDANT REQUEST PROTECTIVE CUSTODY IMMEDIATELY.

CUSTODY STATUS
CASE CUSTODY - STATE PRISON
DEFENDANT REMANDED TO THE CUSTODY OF THE SHERIFF TO BE DELIVERED TO CALIFORNIA
DEPARTMENT OF CORRECTIONS AT CHINO
============= MINUTE ORDER END ================
CASE CLOSED.
PREVIOUS MINUTES PRINTED.
PREVIOUS MINUTES PRINTED.
CASE CLOSED.

| 11/03/2006 12:00 AM | **** MINUTES DELETED FROM: HRS. | | | |
| 11/02/2006 3:37 PM | STATEMENT IN MITIGATION/SENT MEMO FILED 11/02/06 | | | |
| | | | | |

**ENDORSED**

AUG 0 3 2007

Clerk of the Napa Superior Court
By: _____ **K. WATTS** _____
Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF NAPA

In re:

JESSE WAGNER,

On Habeas Corpus.

COURT NUMBER(S): HC 1375

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

The petition filed July 3, 2007, has been read and considered by the court. Petitioner seeks to vacate a sentence imposed by this court on July 20, 1994, on the ground that it did not comport with his written plea agreement.

A petition for writ of habeas corpus must be filed as promptly as the circumstances allow. *In re Clark* (1993) 5 Cal.4th 750, 765, fn. 5.) Any substantial delay in filing the petition after the grounds became known or should have become known to the petitioner must be explained and justified. (*Id.* at pp. 774-775.) Pro per petitioners are subject to the same requirements as those represented by attorneys. (*Id.* at p. 765.) Petitioner here has failed to explain or justify the 13 year delay in raising this claim. The petition is therefore denied.

DATE: 8/3/07

Diane M. Price, Judge        Received

AUG 2 3 2007

NAPA CRIMINAL DIVN

# NAPA SUPERIOR COURT

## Certificate of Mailing

In The Matter Of Wagner, Jesse                                          **HC1375**

Jesse Wagner-F54554                                    Petitioner Pro Per
PO Box 1905
Tehachapi, CA 93581

**** *C E R T I F I C A T I O N* ****

I hereby certify that I am not a party to this cause and that copies of the **Order Denying Petition For Writ Of Habeas Corpus** were mailed (first class postage pre-paid) in sealed envelopes at Napa, California on this date and that this certificate is executed at Napa, California this date.

Court Executive Officer

_8-24-07_
DATE

Deputy Court Executive Officer

Page    1

# DISPOSITION OF ARREST AND COURT ACTION

**RECORD TYPE**
- [ ] CORRECTION
- [ ] FINGERPRINTED FOR DOJ
- [ ] COURT INITIATED

**TYPE OF EVENT**
- [ ] ARREST
- [ ] CITATION
- [ ] LETTER/NOTICE TO APPEAR
- [ ] COURT ORDERED BOOKING

## A. LAW ENFORCEMENT INFORMATION

NAME (LAST, FIRST, MIDDLE): **WAGNER, JESSIE A.**

| SEX | RACE | HGT | DOB | AGE |
|-----|------|-----|-----|-----|
| M | A | 5-8 | 5/8/75 | 19 |

| FP CARD/OCA NO. | CII NO. |
|---|---|

ARRESTING AGENCY: **Napa Sheriff's Office**

BOOKING/CITE NO. | FBI NO.

ARREST DATE | BOOKING AGENCY

CRIME REPORT NO. **94-001465** | S.S. NO.

CHARGE 1 (SECTION, CODE): **261 PC** | TYPE: F | CHARGE 2 (SECTION, CODE): **288 (a)** | TYPE: F

IN-COUNTY WARR. NO. | D.L. NO.

CHARGE 3 (SECTION, CODE): **289 PC** | TYPE: F | CHARGE 4 (SECTION, CODE):

REMARKS: **Request for Warrant**

REASON FOR RELEASE: 849(b)(1) PC | RELEASED DATE

OUT-OF-COUNTY WARRANT INFORMATION
WARRANT NO. | ISSUING AGENCY

- [ ] COMPL.REFUSES TO PROS.
- [ ] ARRESTEE EXONERATED
- [ ] FURTHER INVEST.
- [ ] ADMISS.EVID.INSUFF.
- [ ] ASCERT.EVID.INSUFF.
- [ ] 849(b)(2) PC
- [ ] 849(b)(3) PC
- [ ] OTHER LAW ENFORCEMENT DISPOSITION (SPECIFY)
- [ ] JUVENILE DISPOSITION (SPECIFY)

MAJOR OFFENSE | RELEASE DATE

- [ ] RELEASED ON BAIL
- [ ] EXTRADITION PROCEEDINGS
- [ ] RELEASED/ENROUTE TO OTHER AGENCY/JURISDICTION (SPECIFY)

## B. PROSECUTION INFORMATION

DATE | REASON FOR REJECTION: CHRG 1 | CHRG 2 | CHRG 3 | CHRG 4

- [ ] 1203.2 PC - IN LIEU OF FILING
- [ ] REFILED - ORIGINAL CASE DISMISSED

ORIG. COURT JUD. DIST. NUMBER
ORIG. COURT CASE NUMBER

## C. COURT

**LOWER COURT**

DATE FILED: **10/22/94** | L.C. JUD. DIST. NO.: **28840** | FILE NO.: **94-01202-01** | CONSOLIDATED FILE NO.

TYPE OF TRIAL: [ ] COURT [ ] JURY

| CHRG | FILE LEVEL I | M | F | FIRST PLEA NG | NG-I | FINAL PLEA G | NOLO | DISPOSITION CONV | DISM | CERT JUV | ACQ | DISPO DATE | CHARGES AND ENHANCEMENTS AT DISPOSITION SECTION/CODE/LITERAL | DISPO LEVEL I | M | F | HTA/X |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | | | 7/8/94 | 261(a)(2) / 1192.7(c)(3) PC | | | X | X |
| 2 | | X | | X | | | | | a | | | 7/8/94 | 288(a) / 1192.7(c)(6) PC | | | X | X |
| 3 | | | | | | | | | | | | 7/8/94 | 289 PC | | | | |
| 4 | X | | | | | | | | | | | 7/8/94 | 288(a)(b)1 PC | | X | | X |

**SUPERIOR COURT**

TYPE OF FILING: [X] INFORMATION [ ] CERTIFICATION [ ] INDICTMENT

TYPE OF TRIAL: [ ] JURY [ ] COURT [ ] TRANSCRIPT

DATE FILED: **7/14/94** | S.C. JUD. DIST. NO.: **S29100** | FILE NO.: **CR20193** | CONSOLIDATED FILE NO.

| CHRG | FILE LEVEL M | F | FIRST PLEA NG | NG-I | FINAL PLEA G | NOLO | DISPOSITION CONV | DISM | CERT JUV | DISPO DATE | CHARGES AND ENHANCEMENTS AT DISPOSITION SECTION/CODE/LITERAL | DISPO LEVEL I | M | F | 17 PC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | 7/20/94 | 261(a)(2) | | | | |
| 2 | | X | X | | | | | X | | | 289(c) | | | | |
| 3 | X | | X | | | | | | A | A | 288(c)(b)(1) / 17(b)(4) | | X | | |
| 4 | | | | | | | | | | | | | | | |

## D. SENTENCE INFORMATION

DATE OF SENTENCE: **9/30/94** | TRUE NAME: **Jane**

| CHRG | 17 PC X | ISS X | PROB MOS. | JAIL DAYS | JAIL DAYS SUS | FINE X | SUS | RSTN X | DAYS | JAIL OR FINE PAID | COMM | SUS | CONC X | CONS X | VOL WRK X | COSTS X | CYA X | PRISON SENTENCE INFORMATION TOTAL FIXED TERM (ALL COUNTS) YEARS | MONTHS | STAYED INFORMATION (SPECIFY COUNTS) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | X | 60 | 365 | | | | | | | | | | | | | | | | |
| 2 | | | | | | | | | | | | | | | | | | | | |
| 3 | | | | | | | | | | | | | | | | | | | | |
| 4 | | | | | | | | | | | | | | | | | | | | |

I hereby certify the document herein to be a true and correct copy of the original on file with this court.

- [ ] CONC
- [ ] CONS
- [X] SUSPENDED W/CASE NO.

REMARKS: Dated: **5-30-07**

*(seal: SUPERIOR COURT NAPA COUNTY)*

## E. PROCEEDINGS SUSPENDED

Clerk of the Napa Superior Court

DATE

- [ ] LC/SC BENCH WARRANT ISSUED
- [ ] LC/SC DIVERSION BY:
- [ ] LC/SC 1026 PC - NOT GLTY. INSANE
- [ ] LC/SC 3050 WI - NARC. COMM.
- [ ] LC/SC 1368/1370 PC - FOUND MENTALLY INCOMPETENT-COMMITTED
- [ ] SC 3051 WI - NARC. COMM.
- [ ] SC 1203.03 PC - 90 DAY OB.
- [ ] SC 707.2 WI - 90 DAY OB.

*JUS 8715 (REV. 6/88): Law Enforcement/Prosecution/Court Information*
*COPIES: DOJ-Orange; FBI-Black; ARREST AGENCY-Navy; COURT-Green*

BB 84741

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

**FILED**

SEP 2 0 2007

Court of Appeal - First App. Dist.
DIANA HERBERT

By _____
    DEPUTY

| In re JESSE WAGNER, | A119069 |
| on Habeas Corpus. | |

(Napa County
Super. Ct. No. HC 1375)

THE COURT:[*]

The petition for a writ of habeas corpus is denied.

Dated: SEP 2 0 2007 _____     POLLAK, J. _____ Acting P.J.

_____

[*] Pollak, Acting P.J., Siggins, J., & Horner, J. (Judge of the Alameda Sup. Ct., assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.), participating.

A119069

Jesse Wagner
CDC:F-54554
5150 O'Brynes Ferry Road
Jamestown, CA 95327

## NOTICE

*Please include both the appellate case number and the division number on any written communication or filing submitted to this court.*

**Our website address is
http://appellatecases.courtinfo.ca.gov**

pet

adda

S156779

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

In re JESSE WAGNER on Habeas Corpus

---

The petition for writ of habeas corpus is denied. (See *In re Robbins* (1998) 18 Cal.4th 770, 780.)

SUPREME COURT
FILED

MAR 1 9 2008

Frederick K. Ohlrich Clerk

Deputy

GEORGE

Chief Justice

# Supreme Court of California
## Docket Listing

| | |
|---|---|
| **Case Number:** | S156779 |
| **Current Status:** | closed |
| **Case Title:** | WAGNER (JESSE) ON H.C. |
| **Start Date:** | 10/01/2007 |
| **Case Category:** | Original Proceeding - Habeas |

## Court of Appeals Case Information

## Lower Court Case Information

## Party Information                                   Attorneys

JESSE WAGNER                                           [None]
   Petitioner
   P.O. Box 497
   Jamestown, CA 95327

## Docket Events

| Date | Event |
|---|---|
| 10/01/2007 | Petition for writ of habeas corpus filed by Jesse Wagner, petitioner in Pro Per. |
| 10/10/2007 | Note:  Mail returned (unable to forward) Jesse Wagner, petitioner |
| 03/19/2008 | Petition for writ of habeas corpus denied (See In re Robbins (1998) 18 Cal.4th 770, 780.) |
| 03/25/2008 | Note:  Mail returned (unable to forward) petitioner - Jesse Wagner |

JUNE 10, 2008

RECEIVED

JUN 1 2 2008

CLERK SUPREME COURT

SUPREME COURT OF CALIFORNIA
350 McALLISTER ST
SAN FRANCISCO, CA 94102

S156779

RE: IN RE JESSE WAGNER.

DEAR CLERK.

On October 24, 2007 I FILED A PETITION TO REVIEW THE DENIAL OF A PETITION TO WRIT OF HABEAS CORPUS. THE CASE NO. IS S156779.

WOULD YOU PLEASE LET ME KNOW THE STATUS OF THIS WRIT OF HABEAS?

THANK YOU

JESSE WAGNER
CDCR# F54554
5150 O'BYRNE FERRY RD
JAMESTOWN, CA 95327

JUNE 24, 2008

UNITED STATES DISTRICT COURT
CLERK OF THE COURT
450 GOLDEN GATE AVE
SAN FRANCISCO, CA 94102-3483

RE: HABEAS PETITION

DEAR CLERK

ENCLOSED IS A PETITION FOR THE ISSUANCE OF
A WRIT OF HABEAS CORPUS. WILL YOU PLEASE
ACCEPT THIS WRIT FOR FILING? I AM PROCEEDING
WITHOUT THE ASSISTANCE OF COUNSEL IN THIS MATTER.
WOULD YOU PLEASE SEND ME A CONFORMED
COPY OF THE FACE PAGE TO THE PETITION FOR MY
RECORDS?
THANK YOU VERY MUCH

JESSE WAGNER
F54554
5150 O'BYRNES FERRY RD
JAMESTOWN CA 95327

DAMONE    RENO
5150 C
NES FERRY RD
JAMESTO
CA  4T3.7
V-724



STATE PRISON

UNITED STATES DISTRICT COU
450 GOLDEN GATE AVE
SAN FRANCISCO CA 94/02- 3

SIERRA CONSERVATION CENTER
STATE PRISON

